UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHADD WOLFE,

           Plaintiff,

    v.

THE RITZ-CARLTON HOTEL
COMPANY, L.L.C.,

           Defendant.

Case No. 25-cv-08182-JST

**ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
DISMISS AND STRIKE**

Re: ECF No. 14

Before the Court is Defendant Ritz-Carlton Hotel Company, L.L.C.'s motion to dismiss and strike.  ECF No. 14  The Court will grant the motion in part and deny it in part.

## I.    BACKGROUND

Plaintiff Chadd Wolfe alleges that he began working as a banquet server for Defendant, doing business as The Ritz-Carlton San Francisco, in September 1996 and was laid off "in or around April 2020 due to the onset of the COVID-19 Pandemic."  Compl. ¶¶ 3, 11.[1]  He further alleges that Defendant "began hiring or rehiring workers into substantially similar positions" but "did not reinstate Plaintiff . . . at the Ritz Carlton but did reinstate employees with less seniority."  *Id.* ¶¶ 12–13.  He brings this case "on his own behalf and on behalf of all others similarly situated, namely employees who worked at the Ritz Carlton for at least three years before being laid off by Defendant due to the COVID-19 Pandemic and were not reinstated at the Ritz Carlton before Defendant reinstated workers with less seniority or hired new employees."  *Id.* ¶ 4.

The complaint includes three claims for relief: (1) violation of California Labor Code Section 2810.8; (2) violation of San Francisco Ordinance No. 200830, Article 33K; and

---

[1] The complaint is filed at ECF No. 1-2 at 5–14.

United States District Court
Northern District of California

(3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. Defendant moves to dismiss the complaint under Rule 8 of the Federal Rules of Civil Procedure; to strike class allegations from the complaint; to dismiss the Labor Code Section 2810.8 claim on grounds that the statute does not provide a private right of action; and, for the same reason, to strike references to Section 2810.8 in the UCL claim.

## II.    JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1332(d).

## III.    DISCUSSION

### A.    Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).

Defendant argues that Wolfe's allegations fail to meet the required standard because "he has provided no facts about any specific positions posted by Defendant for which he allegedly was eligible for rehire, how any such positions were allegedly substantially similar to the position he held prior to his alleged layoff, which individuals were hired instead of him, and the hire dates (i.e., seniority dates) of such individuals." ECF No. 14 at 13. Defendant relies on *Landers v. Quality Communications, Inc.*, where the plaintiff "alleged that the defendants implemented a 'de facto piecework no overtime' system and/or failed to pay minimum wages and/or overtime wages for the hours worked by Landers," and "that the defendants falsified payroll records to conceal their failure to pay required wages." 771 F.3d 638, 646 (9th Cir. 2014), as amended (Jan. 26, 2015). The Ninth Circuit concluded that these "generalized allegations" were insufficient to state a claim because they "merely alleged that [Landers] was not paid for overtime hours worked" and did not "provide sufficient detail about the length and frequency of his unpaid work to support a reasonable inference that he worked more than forty hours in a given week." *Id.* (citation modified). Although "a plaintiff alleging failure to pay minimum wages or overtime wages" need

not "approximate the number of hours worked without compensation," they must "at a minimum . . . allege at least one workweek when [they] worked in excess of forty hours and [were] not paid for the excess hours in that workweek, or [were] not paid minimum wages." *Id.*

This case is unlike *Landers*. "The problem [in *Landers*] was not one of particularity but plausibility. It did not matter which specific week Mr. Landers had worked overtime; Mr. Landers's allegations were instead inadequate because they did not suggest that there was *ever* a week in which he was entitled to overtime pay but did not receive it." *Cook v. Matrix Absence Mgmt., Inc.*, 737 F. Supp. 3d 885, 890 (N.D. Cal. 2024) (emphasis in original). Here, by contrast, Wolfe alleges that Defendant laid him off due to the COVID-19 pandemic; that he had over 23 years of seniority at that time; that Defendant began hiring workers back into substantially similar positions; and that Defendant did not reinstate him but did reinstate persons with less seniority. These factual allegations "plausibly suggest an entitlement to relief," *Iqbal*, 556 U.S. at 681, because, although they lack particularity, they sufficiently suggest the circumstances under which Defendant allegedly harmed Wolfe. The Court therefore denies Defendant's motion to dismiss under Rule 8.

### B.    Class Allegations

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendant moves to strike the complaint's class allegations on grounds that the class is not ascertainable; that it includes individuals who lack standing; that it is a fail-safe class; and that Wolfe has failed to plead that common issues predominate.

As this Court has previously explained:

> A motion to strike class claims based only on the pleadings is proper only if the court is convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed. Dismissal of class allegations at the pleading stage should be done rarely and the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery.

*Gabrielli v. Motorola Mobility LLC*, No. 24-cv-09533-JST, 2025 WL 1939957, at *15 (N.D. Cal. July 14, 2025) (citation modified). Having reviewed the parties' arguments, the Court concludes

United States District Court
Northern District of California

3

that "this is not an exceptional case that warrants the class claims being stricken at this stage. As this Court has done in prior cases, it declines to strike the class allegations here where discovery has not yet commenced and the issues raised by Defendant[] are ones to be addressed at the class certification, not the motion to dismiss, stage." *Id.* at *16 (citation modified).

### C.    California Labor Code Section 2810.8

Wolfe concedes that he "cannot directly enforce § 2810.8." ECF No. 19 at 17. Accordingly, the Court dismisses his first claim for relief, which seeks to recover for violation of that statute, without leave to amend.

The parties dispute whether Wolfe may bring a UCL claim based on violation of Section 2810.8 even though that statute does not include a private right of action. "A UCL action is not precluded merely because some other statute on the subject does not, itself, provide for the action or prohibit the challenged conduct. To forestall an action under the UCL, another provision must actually bar the action or clearly permit the conduct." *Rose v. Bank of Am., N.A.*, 57 Cal. 4th 390, 398 (2013) (citation modified). A case relied on by Wolfe explains the difference between provisions that will and will not bar a UCL claim. In *Banga v. Allstate Insurance Company*, the court concluded that a provision barring application of private rights of action available under other statutes "is not itself an absolute bar to suit for purposes of an unfair competition claim" because it means only that the private rights of action provided by those other statutes could not be used as a means of enforcing the statute of interest. No. CIV S-08-1518 LKK EFB PS, 2010 WL 1267841, at *3 (E.D. Cal. Mar. 31, 2010) (citation modified). However, a provision that a statute "shall be enforced exclusively under section 621 [15 U.S.C. § 1681s] by the Federal agencies and officials identified in that section," *id.* (alteration in original) (quoting 15 U.S.C. § 1681m(h)(8)(B)), means that "administrative enforcement is the *sole* enforcement mechanism," *id.* (emphasis added). Such a provision "is a bar to private suit," and violation of the statute therefore "cannot serve as a predicate for a UCL claim." *Id.*

In this case, California Labor Code Section 2810.8(d) vests "exclusive jurisdiction to enforce" Section 2810.8 with "[t]he Division of Labor Standards Enforcement." Thus, like the second provision at issue in *Banga*, it bars private suits and cannot serve as a predicate for a UCL

United States District Court
Northern District of California

claim. Wolfe correctly observes that Section 2810.8(f) protects an "employee's right to bring a common law cause of action for wrongful termination." Cal. Labor Code § 2810.8(f). But Wolfe does not bring a claim for wrongful termination, and the provision does not provide a private right of action to enforce Section 2810.8, which is what Wolfe seeks to do. Because Section 2810.8 cannot serve as a predicate for a UCL claim, the Court strikes the allegations in Wolfe's UCL claim that reference Section 2810.8.

**CONCLUSION**

For the above reasons, Defendant's motion to dismiss and strike is granted in part and denied in part. Wolfe's claim for relief under California Labor Code Section 2810.8 is dismissed without leave to amend, and his allegations regarding that statute as to his UCL claim are stricken. The motion is denied in all other respects.

**IT IS SO ORDERED.**

Dated: April 6, 2026



_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

5