Shannon Liss-Riordan (SBN 310719)
sliss@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel: (617) 994-5800
Fax: (617) 994-5801

*Attorney for Plaintiff Chadd Wolfe and the putative class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHADD WOLFE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE RITZ-CARLTON HOTEL COMPANY, L.L.C. (d/b/a THE RITZ-CARLTON SAN FRANCISCO),<br><br>Defendants. | Case No. 3:25-cv-08182-JST<br><br>*Assigned to:*<br>*Hon. Jon S. Tigar, Courtroom 6 – 2nd Floor*<br><br>**AMENDED JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE: April 7, 2026<br>TIME: 2:00 p.m.<br>CTRM.: 6 – 2nd Floor<br><br>Complaint Filed: June 16, 2025<br>Trial: None Set |

Pursuant to the Notice Setting Case Management Conference; District Judge Jon S. Tigar's Civil Standing Order; the Standing Order for All Judges of the Northern District of California; Federal Rule of Civil Procedure 26(f); and the Northern District Civil Local Rules 16-9, Plaintiff Chadd Wolfe ("Plaintiff") and Defendant The Ritz-Carlton Hotel Company, L.L.C. ("Defendant") (collectively, the "Parties") submit the following Joint Case Management Statement.

**I. JURISDICTION & SERVICE**

Defendant removed this action to this honorable Court on September 25, 2025, on the basis of Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(c), (d)(2). The parties do not intend to raise any issues regarding jurisdiction or venue.

All parties have been personally served. Plaintiff is Chadd Wolfe, who brings this action on his own behalf and on behalf of all others similarly situated, namely a putative class of employees who worked at the Ritz Carlton for at least three years before being laid off by Defendant due to the COVID-19 Pandemic and were not reinstated at the Ritz Carlton before Defendant reinstated workers with less seniority or hired new employees. Defendant The Ritz-Carlton Hotel Company, L.L.C., a Delaware corporation with its corporate headquarters and principal place of business in Bethesda, Maryland.

**II. FACTS**

**Plaintiff's Statement**:

Plaintiff began working as a banquet server at the Ritz Carlton San Francisco hotel in 1996. Defendant furloughed or laid off Plaintiff, and similarly situated employees, in April 2020 due to the onset of the COVID-19 pandemic. Defendant later started rehiring employees but did not reinstate Plaintiff. Instead, Defendant reinstated employees with less seniority than Plaintiff and hired new employees.

San Francisco Ordinance No. 200830, "Right to Reemployment Following Layoff Due to COVID-19 Pandemic" mandates that employees laid-off due to the pandemic be reinstated in order of seniority.

On June 16, 2025, Plaintiff initiated this class action before the California Superior Court

for the County of San Francisco on behalf of himself and other Ritz Carlton employees with a minimum of three years of seniority who were not reinstated in accordance with California Labor Code § 2810.8 and San Francisco's Ordinance No. 200830. Plaintiff brought three claims for violations of (1) California Labor Code § 2810.8; (2) the Right to Reemployment Following Layoff Due to COVID-19 Pandemic, Ordinance No. 200830, Article 33K ("the Ordinance"); and (3) California Business and Professions Code § 17200 based on the proceeding violations of law. Defendant removed to this Court asserting jurisdiction under the Class Action Fairness Act of 2005 on September 25, 2025. On April 6, 2026, the Court dismissed Plaintiff's claim under California Labor Code § 2810.8 and struck allegations for his Unfair Competition Law claim related to the statute. Plaintiff's claims related to the Ordinance remain pending.

**Defendant's Statement**:

Defendant denies that it violated the City and County of San Francisco's Ordinance No. 200830, Article 33K, *Right to Reemployment Following Layoff Due to COVID-19 Pandemic* or California Business and Professions Code section 17200. Prior to the COVID-19 pandemic, Plaintiff Chadd Wolfe picked up shifts at The Ritz-Carlton, San Francisco hotel ("Hotel") as an On Call Banquet Server. As a result of the Covid-19 Pandemic and a drastic drop in business volume, in 2020, Defendant stopped offering banquet shifts to Plaintiff at the Hotel. Due to business volume and operational needs, Plaintiff has not been offered any shifts since that time. Defendant denies all of Plaintiff's individual and class factual allegations and claims and denies that it is in violation of the City and County of San Francisco's "Right to Reemployment Following Layoff Due to Covid-19 Pandemic" ordinance with respect to Plaintiff and any putative class member.

Furthermore, Plaintiff's class claims cannot be certified. The proposed class definition is overly broad and includes individuals who lack standing, e.g., those who were not entitled to reinstatement or suffered no damages. Also, the proposed class is an impermissible fail-safe class because class membership depends on proving that Defendant violated the law. Determining liability will require individualized determinations such as each employee's seniority, eligibility, job similarity, recall qualification, and who was hired instead. As such, this makes class

treatment impossible. Additionally, a substantial number of potential class members signed arbitration agreements with class action waiver and cannot participate in the class action.

## III. LEGAL ISSUES

**Plaintiff's Statement**:

The primary legal issues presented by Plaintiff's lawsuit are: (1) whether the Ritz-Carlton reinstated furloughed employees in order of seniority after the COVID-19 pandemic subsided in accordance with San Francisco's Ordinance No. 200830; (2) whether defendant violated of California Business and Professions Code section 17200; (3) whether Plaintiff's claims may be certified as a class action under Federal Rule of Civil Procedure 23; and (4) the scope of the damages Plaintiff and class members suffered including whether Plaintiff and the putative class members are entitled to front- or back- pay, other economic or compensatory damages, injunctive relief, or other equitable or monetary relief.

**Defendant's Statement**:

Defendant identifies the following disputed points of law:

- Whether Defendant's rehiring of furloughed employees complied with the ordinance;
- Whether Plaintiff's Complaint can be certified as a class action, including whether the class is putative class is ascertainable;
- Whether Plaintiff or members of the putative class are entitled to any damages; and
- Whether signed arbitration agreements by members of the putative class precludes them from class action participation.

## IV. MOTIONS

**Plaintiff's Statement**:

Plaintiff intends to file a motion for class certification and may file a motion for summary judgment. Plaintiff will file discovery motions, if necessary, after meeting and conferring with Defendant's counsel in good faith effort to resolve discovery disputes.

**Defendant's Statement**:

Defendant anticipates filing a Motion for Summary Judgment and Motion to Deny Class

Certification, and it will oppose any Motion for Class Certification.

**V. AMENDMENT OF PLEADINGS**

Plaintiff may wish to amend the complaint to add claims or add named plaintiffs. Any amendment will be filed by May 6, 2026. Defendant does not intend to amend its Answer at present.

**VI. EVIDENCE PRESERVATION**

The Parties certify that each has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). Having each reviewed the ESI Guidelines, the Parties further certify that they have met and conferred in accordance with Fed. R. Civ. 26(f) regarding reasonable and proportionate steps to preserve relevant evidence to the issues reasonably evident in this action and have discussed and are continuing to discuss those matters contained in the Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information ("ESI Checklist"). All parties agree to preserve relevant evidence within the scope defined in Fed. R. Civ. P. 26(b)(1).

**VII. DISCLOSURES**

**Plaintiff's Statement**:

Plaintiff submitted his initial disclosures on March 31, 2026.

**Defendant's Statement**:

Defendant will make its initial disclosures no later than April 14, 2026.

**VIII. DISCOVERY**

**Plaintiff's Statement**:

Plaintiff proposes that discovery begin immediately following the upcoming Case Management Conference. Plaintiff proposes that the discovery period shall continue until 60 days after the close of the class action opt-out period, should the Court certify this case as a class action. If the Court declines to certify this case as a class action, Plaintiff proposes that the discovery period close 60 days after the Court's denial of Plaintiff's request for class certification.

Plaintiff intends to conduct written discovery and take depositions. The Parties will work

in good faith to resolve any discovery disputes amicably but will bring those disputes to the Court's attention if they cannot be resolved.

**Defendant's Statement**:

Defendant will conduct written discovery and take depositions with respect to Plaintiff's individual claims and discovery needed to resolve class certification issues including Plaintiff's seniority, eligibility, job similarity, recall qualification, execution of arbitration agreements and who was allegedly hired instead. Defendant will work in good faith to resolve any discovery disputes amicably and will bring disputes to the Court's attention if they cannot be resolved.

## IX. CLASS ACTIONS

**Plaintiff's Statement**:

Plaintiff intends to move for class certification, following some initial discovery. Plaintiff may move for class certification within 120 days of the beginning of discovery. Plaintiff will seek to certify a class of individuals who worked at the Ritz Carlton for at least three years before being laid off by Defendant due to the COVID-19 Pandemic and who were not reinstated at the Ritz Carlton before Defendant reinstated workers with less seniority

A class is maintainable under Federal Rules Civil Procedure 23(a) and (b). The pertinent facts are set forth in the current complaint. Plaintiff alleges that Defendant furloughed or laid off employees in April 2020 due to the COVID-19 pandemic. Defendant then failed to offer reinstatement to employees in order of seniority. Plaintiff expects to develop and support these facts through discovery.

Briefly, Plaintiff states that she expects to satisfy Rule 23(a), based on numerosity (in its removal papers, Defendant informed the Court that about 139 employees fall within the proposed class), commonality (the claims of these employees will raise numerous common questions of fact and law); typicality (the named Plaintiff will have claims typical of the class); and adequacy (the named Plaintiff and his counsel will fairly and adequately represent the class).

Plaintiff expects to satisfy the requirements under Rule 23(b), since it will clearly be superior to maintain a class action, for efficiency purposes, rather than require each of these class members to bring their own individual action. Additionally, the common questions of law and

fact will predominate over any individual questions, as this case turns on the policy and practice of Defendant regarding offering reinstatement to employees based on seniority.

**Defendant's Statement**:

Defendant contends that the proposed group of employees Plaintiff seeks to represent cannot be certified on multiple grounds, including, but not limited to, the following: The proposed class definition is overly broad and includes individuals who lack standing, e.g., those who were not entitled to reinstatement or suffered no damages. A substantial number of potential class members signed arbitration agreements with class action waivers and cannot participate in the class action. Determining liability will require individualized determinations such as each employee's seniority, eligibility, job similarity, recall qualification, and who was hired instead. As such, this makes class treatment impossible.

## X. RELATED CASES

There are no related cases or proceedings before another judge of this court or before another administrative body.

## XI. RELIEF

Plaintiff asserts that he and other class members are entitled to reinstatement; front pay or back pay for each day of the violation; pre- and post-judgment interest; reasonable attorneys' fees, costs, and expenses; injunctive relief; a declaration that Defendant violated Ordinance No. 200830, Article 33K; and any and all other relief to which Plaintiff and the putative class may be entitled.

Defendant denies any liability and denies that any relief for Plaintiff is appropriate. Defendant requests reasonable attorneys' fees and costs.

## XII. SETTLEMENT & ADR

The Parties have discussed potential settlement and ADR and discussed scheduling a date for early private mediation. The Parties will file an ADR statement in compliance with ADR L.R. 3.5 by May 1, 2026.

## XIII. OTHER REFERENCES

Not applicable.

**XIV. NARROWING OF ISSUES**

The Parties will work together to determine if any narrowing of the facts or scope of the claims as pled is necessary and appropriate.

**XV. SCHEDULING**

**Plaintiff's Statement:**

As described above, Plaintiff proposes that discovery begin immediately following the Case Management Conference. Plaintiff proposes that the discovery period shall continue until 60 days after the close of the class action opt-out period, should the Court certify this case as a class action. If the Court declines to certify this case as a class action, Plaintiff proposes that the discovery period close 60 days after the Court's denial of Plaintiff's request for class certification. Plaintiffs would move for class certification within 120 days of the opening of discovery.

Plaintiff requests the following pre-trial and trial dates be set as follows and as agreeable to the Court's calendar:

| **Event** | **Proposed Date** |
|---|---|
| Fact Discovery Cut Off | Plaintiff proposes the discovery cut off be set as described above |
| Deadline for Class Certification Motion | August 12, 2026 |
| Deadline for Class Certification Opposition | August 26, 2026 |
| Deadline for Class Certification Reply | September 2, 2026 |
| Dispositive Motion Filing Deadline | January 4, 2027 |
| Final Pre-Trial Conference | February 1, 2027 |
| Trial Date | February 15, 2027 |

**Defendant's Statement:**

Defendant requests the following pre-trial and trial dates be set as follows and as agreeable to the Court's calendar:

| Event | Proposed Date |
|---|---|
| Fact Discovery Cut Off | Plaintiff's proposal is acceptable provided that the scope of pre-class certification discovery is limited to Plaintiff's individual claims and issues relevant to class certification. |
| Dispositive Motion Filing Deadline for Plaintiff's Individual Claims | November 23, 2026 |
| Deadline for Class Certification Motion | November 23, 2026 |
| Deadline for Class Certification Opposition | January 11, 2027 |
| Deadline for Class Certification Reply | January 25, 2027 |
| Dispositive Motion Filing Deadline | April 5, 2027 |
| Final Pre-Trial Conference | May 3, 2027 |
| Trial Date | May 17, 2027 |

## XVI. TRIAL

**Plaintiff's Statement**:

Plaintiff has requested a jury trial and estimates that trial would take five days. Plaintiff requests the trial be set for this matter in early 2027.

**Defendant's Statement**:

Defendant estimates that a trial will take approximately 3-5 days. Defendant requests the trial to be set in mid-2027.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff filed certified disclosure of interested entities on March 31, 2025. Defendant filed a Certification of Conflicts and Interested Entities of Persons on September 25, 2025.

## XVIII. PROFESSIONAL CONDUCT

Counsel have reviewed and will abide by the standards of professional conduct.

## XIX. OTHER

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this case.

Dated: April 10, 2026

Respectfully submitted,

CHADD WOLFE, and the putative class

By his attorneys,
*/s/ Shannon Liss-Riordan*

Shannon Liss-Riordan (SBN 310719)
sliss@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

Dated: April 10, 2026

Respectfully submitted,

THE RITZ-CARLTON HOTEL COMPANY, L.L.C. (d/b/a THE RITZ-CARLTON SAN FRANCISCO)

By its attorneys,
*/s/ Yoon-Woo Nam*

Michael J. Burns (SBN 172614)
mburns@seyfarth.com
Ryan McCoy (SBN 276026)
rmccoy@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile:
(415) 397-8549

Yoon-Woo Nam (SBN 284644)
ynam@seyfarth.com
SEYFARTH SHAW LLP
400 Capitol Mall, Suite 2300
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile:
(916) 558-4839
Attorneys for Defendant
THE RITZ-CARLTON HOTEL COMPANY, L.L.C.

## FILER'S ATTESTATION

Pursuant to Local Rule 5-1(i)(3) regarding signatures, I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the document's content, and have authorized the filing.

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan

## CERTIFICATE OF SERVICE

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on Defendants' counsel via the CM/ECF system on April 10, 2026.

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan